UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MONIQUE S. HOWARD | * CIVIL ACTION |
| VERSUS | * NO. |
| MORGAN STANLEY & CO. LLC | * SECTION "" |
| | * JUDGE |
| | * MAGISTRATE |

**COMPLAINT FOR DECLARATORY RELIEF
AND BREACH OF CONTRACT**

NOW INTO COURT, through undersigned counsel, comes Monique S. Howard, through undersigned counsel, who respectfully files this petition alleging as follows:

**PARTIES**

**1.**

Monique S. Howard is a person of the full age of majority, domiciled in the County of Los Angeles, State of California.

**2.**

Made defendant herein is Morgan Stanley & Co. LLC, a Delaware limited liability company whose principal place of business in Louisiana is 5615 Corporate Boulevard, Suite 400B, Baton Rouge, Louisiana, 70808.

- 1 -

1198461v1

## JURISDICTION

**3.**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) as it is between citizens of different states and the amount in controversy exceeds the sum of $75,000 exclusive of interests and costs. Venue is proper pursuant to 28 U.S.C. § 1391 (b)(1).

## FACTS

**4.**

Ms. Howard had a long-term friendship with Don F. Peterson, M.D., who was domiciled in East Baton Rouge Parish, State of Louisiana.

**5.**

Sometime prior to January 8, 2015, Dr. Peterson advised Ms. Howard that he intended to name her as beneficiary to his individual retirement accounts. Dr. Peterson sought and obtained Ms. Howard's social security number and date of birth in order to provide this information to his financial advisor in connection with his decision to name Ms. Howard as beneficiary.

**6.**

On January 8, 2015, Dr. Peterson executed an IRA Designation of Beneficiary form for each of two IRA Accounts being IRA Account #'s ***160 and ***142 identifying Monique S. Howard as the sole primary beneficiary for his two IRA Accounts. The IRA Designation of Beneficiary forms both provide: "I hereby designate the person(s) named below as Primary Beneficiary(ies) to receive payment of the balance of the account upon my death."

Each of the forms further provide: "I understand that upon my death, my interest in the Morgan Stanley Individual Retirement Plan (the "IRA") described above shall become the property of the Primary Beneficiary or Beneficiaries if any survive me, ...."

**7.**

Morgan Stanley is the custodian of Dr. Peterson's IRA Account # ***160 and of Dr. Peterson's IRA Account # ***142.

**8.**

Dr. Peterson passed away on October 22, 2015.

**9.**

Following his death, Morgan Stanley confirmed with Ms. Howard that she had been named as primary beneficiary on Dr. Peterson's two IRA Account #'s ***160 and ***142. Morgan Stanley also provided Ms. Howard with a copy of each IRA Designation of Beneficiary forms signed by Dr. Peterson as well as a computer printout from Morgan Stanley listing Monique S. Howard as the sole primary beneficiary on Dr. Peterson's IRA.

**10.**

Ms. Howard has subsequently informed Morgan Stanley that Dr. Peterson's death is currently a matter of public record, by virtue of an Affidavit Of Death, Heirship and Domicile filed in the Succession of Don F. Peterson, Number 110379 filed in the 24th Judicial District Court for the Parish of East Baton Rouge. Ms. Howard has notified Morgan Stanley, individually and through counsel that she wished to be recognized as beneficiary and to have the

funds in the two IRA Account Numbers listed above transferred to her name. To the date of this filing Morgan Stanley has not complied with Ms. Howard's demand.

**11.**

Morgan Stanley advised Ms. Howard that it would not recognize her as beneficiary to the IRA and refused to transfer the money from Dr. Peterson's account to Ms. Howard.

**COUNT ONE: DECLARATORY JUDGMENT**

**12.**

Ms. Howard re-alleges and incorporates paragraphs 1 through 11 of this Complaint as if fully set forth herein.

**13.**

Dr. Peterson executed an IRA Designation of Beneficiary form for each IRA Account as referenced above designating Monique S. Howard the primary beneficiary of each account "to receive payment of the balance of the account upon my death." Dr. Peterson directed that 100% of the account should be transferred to Ms. Howard.

**14.**

Upon information and belief, there was no revocation or change to Dr. Peterson's primary beneficiaries for IRA Account # ***160 and IRA Account # ***142 between January 8, 2015 and his death on October 22, 2015.

### 15.

Ms. Howard is entitled to be recognized as Dr. Peterson's sole primary beneficiary for IRA Account # ***160 and for IRA Account # ***142 pursuant to the terms of his agreement with Morgan Stanley, including but not limited to the IRA Designation of Beneficiary forms referenced above.

### 16.

Additionally, Louisiana Revised Statute 9:2449 provides that "benefits payable by reason of death from an individual retirement account ... shall be paid as provided in the individual retirement account agreement to the designated beneficiary of the account." Thus, Ms. Howard is entitled to be paid 100% of Dr. Peterson's IRA accounts identified above pursuant to Louisiana Revised Statute 9:2449.

### 17.

Pursuant to 28 U.S.C. § 2201, an actual and justiciable controversy exists between Ms. Howard and Morgan Stanley. Morgan Stanley refuses to recognize Ms. Howard as primary beneficiary to Dr. Peterson's IRA Accounts # ***160 and ***142.

### 18.

Judicial adjudication of the parties' respective rights and obligations with respect to the IRA account is appropriate.

1198461v1

## COUNT TWO: BREACH OF CONTRACT

**19.**

Ms. Howard re-alleges and incorporates paragraphs 1 through 18 of this Complaint as if fully set forth herein.

**20.**

Upon information and belief, Dr. Peterson entered into agreements with Morgan Stanley whereby Morgan Stanley agreed to act as custodian for Dr. Peterson's IRA Account #***160 and IRA Account # ***142. As part of those agreements, Morgan Stanley agreed to pay to Dr. Peterson's designated primary beneficiaries the balance of IRA Account #***160 and IRA Account # ***142 upon his death in accordance with Dr. Peterson's instructions.

**21.**

As the designated primary beneficiary for IRA Account #***160 and IRA Account # ***142, Ms. Howard is a third party beneficiary to the contracts between Morgan Stanley and Dr. Peterson, as referenced above, and is entitled to bring an action enforcing those agreements.

**22.**

Morgan Stanley has breached the agreements with Dr. Peterson by failing or refusing to pay the balance of Dr. Peterson's IRA Account #***160 and the balance of Dr. Peterson's IRA Account # ***142 to Ms. Howard as directed by Dr. Peterson.

**WHEREFORE**, Monique S. Howard prays that due proceedings be had and that there be judgment herein in her favor and against Morgan Stanley & Co., LLC (i) declaring her the primary beneficiary of Dr. Peterson's IRA Account #***160 and IRA Account # ***142 entitled to 100% of those accounts; (ii) ordering Morgan Stanley to transfer the balance of IRA Account # ***160 and of IRA Account # ***142 into the name of Monique S. Howard; (iii) holding that Morgan Stanley & Co, LLC breached the agreements with Dr. Peterson related to IRA Account #***160 and IRA Account # ***142; and (iv) awarding Ms. Howard all damages, penalties, court costs and attorneys' fees, as appropriate. Ms. Howard further prays for legal or other interest from judicial demand (or such other date as may be appropriate) until finally paid, and for all costs of these proceedings, and for such other and further legal and equitable relief as the Court shall deem necessary and proper.

_____
William D. Treeby, 12901
Laura Walker Plunkett, 27316
Samantha P. Griffin, 26906
    Of
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA  70130
Telephone: (504) 581-3200

Attorneys for Monique S. Howard

1198461v1